UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JARROD S. JOHNSON, *Pro Se*, | ) | Case No.: 1:19 CV 2674 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| LORAIN COUNTY STATE OF OHIO, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

*Pro Se* Plaintiff Jarrod S. Johnson has filed a civil rights Complaint in this matter under 42 U.S.C. § 1983 against the "Lorain County State of Ohio." (ECF No. 1.) He is a detainee in the Lorain County Jail, awaiting trial in the Lorain County Court of Common Pleas on charges of murder, attempted murder, aggravated robbery, and felonious assault. *See State of Ohio v. Jarrod Johnson*, Case No. 19 CR 100123 (Lorain Cty. Ct. of Comm. Pleas). In his Complaint, he seeks dismissal of the criminal charges against him, damages, and other relief on the basis that the amount of time he has spent in pretrial custody violates his speedy trial rights.

Federal district courts are required, under 28 U.S.C. § 1915A, to review as soon as practical after docketing any complaint filed in a civil action in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

Upon review, the court finds that the Plaintiff's Complaint must be dismissed. The Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." Thus, if a prisoner challenges the legality of his confinement, he may not use a civil rights action as an alternative to a petition for a writ of *habeas corpus*, which requires that he exhaust his state remedies. *See id.* at 489-90.

Further, "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016); *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017). Accordingly, the Plaintiff's only avenue of relief for the violation of his rights he alleges in his Complaint is to seek relief through a *habeas corpus* petition after exhausting his state remedies. He has alleged no plausible claim on which he may granted relief under § 1983. *See, e.g, Thomas v. Pugh*, 9 F. Appx. 370 (6th Cir. 2001) (affirming dismissal of § 1983 action brought by pretrial detainee asserting speedy trial violation in connection with his pretrial detention).

**Conclusion**

Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 11, 2020